UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ARRANT,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY JAIL,<br><br>    Defendant. | No. 2:22-cv-1229 KJN P<br><br>ORDER |

Plaintiff is proceeding without counsel and is currently housed at Napa State Hospital.[1] Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

---

[1] Plaintiff was transferred to Napa State Hospital from the Sacramento County Jail. The nature of plaintiff's custody is unclear, i.e., whether plaintiff is a pretrial detainee or is a prisoner who has been convicted.

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff's amended complaint is now before the court. As discussed below, plaintiff's amended complaint is dismissed with leave to file a second amended complaint.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

<u>Civil Rights Act</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  <u>See West v. Atkins</u>, 487 U.S. 42, 48 (1988).

<u>Plaintiff's Allegations</u>

In his amended complaint, plaintiff alleges the following.  After recently receiving open heart surgery, plaintiff was placed in the Sacramento County Jail in November, walked in on his own two feet, but exited in a wheelchair in January of 2022.  Upon arrival at the jail, plaintiff was housed in the medical pod, but then moved to the psychiatric pod, where he was housed with an inmate known to be violent.  The cellmate violently attacked plaintiff while he was face down on his bed, and plaintiff was so severely injured he could not reach the bell for assistance.  Plaintiff was told by an officer that "if they had known [plaintiff] was in there, they would have moved [him]."  (ECF No. 9 at 1.)  Subsequently, plaintiff was moved to another pod, and then quickly transferred to Napa State Hospital.  (ECF No. 9 at 8.)  Plaintiff seeks money damages.

<u>Discussion</u>

Plaintiff names the Sacramento County Jail as a defendant but includes no charging allegations as to the jail.  Plaintiff fails to identify a particular defendant such that the court can order service of process.  Included in his pleading is a document entitled "Summons," in which plaintiff names Diane and David (Napa State Hospital nurses); and "all officers" and "all doctors, psychiatrists and psychologists" plaintiff had contact with in the Sacramento County Jail.  Plaintiff does not include the date of the alleged attack.

However, plaintiff's complaint does not include specific factual allegations as to Diane or David, or include any facts alleging violations at the Napa State Hospital.[2]  Moreover, naming all

---

[2] Moreover, it is unlikely that any potential deliberate indifference claims concerning medical treatment at the Napa State Hospital would be related to plaintiff's claims arising during his

officers and medical staff who had contact with plaintiff in the Sacramento County Jail is overbroad. Rather, plaintiff must identify specific jail or medical staff who plaintiff alleges were deliberately indifferent to plaintiff's safety or serious medical needs, and he must include facts demonstrating how each defendant was deliberately indifferent. Plaintiff should be able to review his custody file, the incident report from the assault, or his medical records to determine the identity of at least one allegedly culpable individual.[3]

In addition, although the court may infer plaintiff sustained injuries based on his claim that he walked into the jail but left in a wheelchair, plaintiff should specifically set forth the actual injuries he sustained from the inmate attack.

Finally, deliberate indifference to an inmate's health or safety may violate the Eighth Amendment or the Fourteenth Amendment. Which of those amendments applies to an inmate's claim depends on whether he was a convicted prisoner or was a pretrial detainee at the relevant time: a prisoner's claim arises under the Eighth Amendment's Cruel and Unusual Punishments Clause while a pretrial detainee's claim arises under the Fourteenth Amendment's Due Process Clause. The two amendments have different standards.

Deliberate indifference to a prisoner's health or safety needs violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference is "a

---

custody at the Sacramento County Jail. A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

[3] If plaintiff is represented by counsel in his underlying criminal action, plaintiff may be able to obtain assistance in identifying a potential defendant from such counsel.

state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Id. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986).  A defendant is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837.  The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id.  If the defendant should have been aware of the risk, but was not, then he has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).  Simply put, negligence does not violate the Eighth Amendment.  See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004).

On the other hand, a pretrial detainee's claim arises under the Fourteenth Amendment's Due Process Clause and is governed by an objective deliberate-indifference standard rather than the subjective one that applies to a prisoner's claim.

> [T]he elements of a pretrial detainee's [safety or] medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are:  (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).  For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" Id. (alteration in original) (quoting Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)).  "[T]he plaintiff must 'prove more than negligence but less than subjective intent -- something akin to reckless disregard." Gordon, 888 f.3d at 1125 (quoting Castro, 833 F.3d at 1071).

Accordingly, plaintiff is granted leave to amend to identify the nature of his own custody, as well as to rectify the above-described deficiencies.

////

Additional Admonitions

    Unrelated Claims

    Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). See also George, 507 F.3d at 607 ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

    Exhaustion of Administrative Remedies

    "The Prison Litigation Reform Act of 1995 ("PLRA") mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1854-55 (2016) (quoting 42 U.S.C. § 1997e(a)). The availability of administrative remedies must be assessed at the time the prisoner filed his action. Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017). "There is no question that exhaustion is mandatory under the PLRA[.]" Jones v. Bock, 549 U.S. 199, 211 (2007) (citation omitted) (cited with approval in Ross, 136 S. Ct. at 1856). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

////

Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford v. Ngo, 548 U.S. 81, 90 (2006). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See Booth, 532 U.S. at 741 n.6; Ross, 578 U.S. at 639-40. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford, 548 U.S. at 90-93. "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison [or jail] grievance process itself." Jones v. Bock, 549 U.S. at 218 (quoting Woodford, 548 U.S. at 88).

Leave to Amend

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is legally frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court, however, grants leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v.

1  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
2  1978). Furthermore, vague and conclusory allegations of official participation in civil rights
3  violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
4      Plaintiff is required to file his second amended complaint on the court's form. Such
5  amended complaint must be complete in itself without reference to any prior pleading. Local
6  Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an
7  'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'"
8  (internal citation omitted)). Once plaintiff files an amended complaint, the original or prior
9  pleading is superseded.

10 Pending Motion

11     Along with his original complaint, plaintiff filed a motion asking the court to compel the
12 Sacramento County Jail to provide information concerning plaintiff's jail movements,
13 placements, and officers' names and badge numbers involved with plaintiff's placement, as well
14 as incident reports and the names of any psychologists or doctors that had any contact with, or
15 treated, plaintiff while he was housed at the jail. Plaintiff's motion is improper and premature.
16 The court does not investigate claims or attempt to identify potential defendants for plaintiffs.
17 Rather, plaintiff is responsible to investigate and prosecute his own action. As noted above,
18 plaintiff may be able to obtain some information by reviewing his medical file or seeking copies
19 of the incident report from the incident. Moreover, once plaintiff has a viable pleading on file,
20 and a defendant has been served with process and appeared in the action, the court will issue a
21 discovery and scheduling order, at which time plaintiff may propound discovery requests. Fed.
22 R. Civ. P. 26, et seq. Therefore, plaintiff's motion is denied without prejudice.
23     In accordance with the above, IT IS HEREBY ORDERED that:
24     1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
25     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
26 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
27 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
28 Director of the California Department of Corrections and Rehabilitation filed herewith.

3. Plaintiff's amended complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that is filed on the court's form and that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original of the second amended complaint. Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiff's motion (ECF No. 3) is denied without prejudice.

6. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: November 1, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/arra1229.14n